UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                    :
LIN ZHU, INC.,                                      :        12-CV-2872 (ARR)(MDG)
                                                    :
                    Plaintiff,                      :        NOT FOR ELECTRONIC
                                                    :        OR PRINT PUBLICATION
        -against-                                   :
                                                    :        ORDER
SHAO FEI WEING, FARMER'S SUPERMARKET, INC., :
and YUYAO CAI,                                      :
                                                    :
                    Defendants.                     :
------------------------------------------------------------------- X

ROSS, United States District Judge:

        The court has received the Report and Recommendation on the instant case dated April

23, 2013, from the Honorable Marilyn D. Go, United States Magistrate Judge. No objections

have been filed. Accordingly, the court has reviewed the Report and Recommendation for clear

error on the face of the record. See Advisory Comm. Notes to Fed. R. Civ. P. 72(b); accord

Brissett v. Manhattan & Bronx Surface Transit Operating Auth., No. 09-CV-1930682 (CBA)

(LB), 2011 WL 1930682, at *1 (E.D.N.Y. May 19, 2011).

        Having reviewed the record, I find no clear error in Judge Go's recommendation that the

action be dismissed without prejudice for lack of subject matter jurisdiction. Cf. Canada Life

Assurance Co. v. Converium Ruckversicherung (Deutschland) AG, 335 F.3d 52, 57-60 (2d Cir.

2003) (holding statute conferring federal jurisdiction did not extend to indemnification action

arising from facts covered by statute but sounding in contract); Am. Cas. Co. of Reading, PA v.

Heartland By-Products, Inc., No. 02 Civ. 4701(PKL), 2003 WL 740866, at *1-2 (S.D.N.Y. Mar.

4, 2003) (holding statute authorizing federal question jurisdiction over action on bond did not

confer jurisdiction on action arising from indemnification agreement associated with bond). I

1

hereby adopt the Report and Recommendation, in its entirety, as the opinion of the court pursuant to 28 U.S.C. § 636(b)(1). The court therefore dismisses the action without prejudice for lack of subject matter jurisdiction. The Clerk of Court is direct to enter judgment accordingly.

SO ORDERED.

_____
Allyne R. Ross
United States District Judge

Dated:     May 13, 2013
           Brooklyn, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

LIN ZHU, LLC,

                              Plaintiff,     REPORT AND
                                             RECOMMENDATION
            - against -
                                             CV 2012-2872 (ARR)(MDG)
SHAO FEI WENG, et al.,

                              Defendants.

- - - - - - - - - - - - - - - - - - -X

Plaintiff Lin Zhu, LLC brings this action to enforce an indemnification agreement and two guarantees signed by defendants Farmer's Supermarket Inc. ("Farmer's") and Shao Fei Weng as to liabilities arising from the occupancy of premises owned by plaintiff at 41-22 Main Street, Flushing, New York by a former lessee.  Asserting subject matter jurisdiction pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a et seq., plaintiff seeks indemnification for claims asserted against a security deposit it holds in a separate action brought by a PACA vendor to collect unpaid invoices covered by PACA that the former lessee failed to pay.  See Compl. ¶¶ 1, 3, 6.

Following a recent review of this action, this Court issued an order questioning whether there is subject matter jurisdiction over this action and directing the parties to file letter briefs addressing this issue.  To date, no responses have been filed.

## DISCUSSION

This Court may <u>sua</u> <u>sponte</u> raise the issue of subject matter jurisdiction at any time. <u>United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties Meridien Square, Inc.</u>, 30 F.3d 298, 301 (2d Cir. 1994). The determination of whether a claim arises under federal law "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987) (citation omitted); <u>see also</u> <u>Beneficial Nat. Bank v. Anderson</u>, 539 U.S. 1, (2003) (determination whether the claim arises under federal law based on the "well pleaded" allegations of the complaint and not potential defenses).

Although plaintiff alleges in its complaint that the claims arise under PACA, the claims it asserts sound in contract and are founded on the agreement and guarantees signed by defendants. Plaintiff does not allege that it is a seller of produce as defined in PACA nor that defendants are liable to plaintiff for a violation of PACA, such as nonpayment for purchase of produce. Rather, plaintiff asserts that its "causes of action arise from Defendants' execution of Agreements dated April 3, 2012, and two Guaranty Agreements dated April 16, 2012 . . . whereby Defendants agreed to indemnify and hold harmless Plaintiff." Compl. ¶ 5.

Nor is there any indication that the Court could exercise diversity jurisdiction over this matter.  To the contrary, the plaintiff's complaint indicates that Lin Zhu and Farmer's Supermarket are both New York corporations.  Compl. ¶¶ 9 (Lin Zhu is a New York LLC), 12 (Farmer's is a New York corporation).

CONCLUSION

Because plaintiff fails to present a federal question on the face of its complaint and because both plaintiff and defendant Farmer's Supermarket are New York corporations, I respectfully recommend that this action be dismissed without prejudice for lack of subject matter jurisdiction.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned and the Honorable Allyne R. Ross, by May 10, 2013.  Failure to file objections within the specified time waives the right to appeal.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**

Dated:    Brooklyn, New York
          April 23, 2013

                              /s/_____
                              MARILYN D. GO
                              UNITED STATES MAGISTRATE JUDGE

-3-